[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION AS TO POST JUDGMENT MOTIONS OF DEFENDANT'S
After and despite the court's decision of October 6, 1997, the defendants have filed numerous motions, including motions to dismiss and motions to re-argue.
The motions to dismiss seek to have the court re-consider a prior claim, clothed now in terms of a lack of subject matter jurisdiction.
At the time this issue was raised, the court had decided the case and, as it notified all parties, was writing its decision. The defendants have persisted arguing:
 "this motion challenges the standing of the corporation to bring an action as a licensed public adjuster when it was not, and is not, licensed as a public adjuster and was not the licensed entity which entered into the alleged public adjuster employment contract which is the subject of this action."
It is the court's opinion that through subject matter jurisdiction is a threshold matter, it is still untimely in the present situation. However, it will be addressed on the merits so that the issue can be completely reviewed on appeal.
The plaintiff produced its license as a certified public adjuster. It proved its corporate status and it described itself as a corporation in the complaint in this case. It is the entity that entered into the contract. The court must therefore reject the defendant statement quoted above.
The various motions to dismiss and to re-argue are denied.
Anthony V. DeMayo Judge Trial Referee